WILLIAM GILL, complainant,

*v.*

THE STATE GARAGE, INCORPORATED, and MAX KRUEGER, HARRIET E. STANTON and HILDA BORISOV, as directors-trustees of the State Garage, Incorporated, and individually, defendants.

[Decided July 20th, 1927.]

Distribution of assets by the directors among some of the creditors, after a company becomes insolvent, is in violation of the statute and renders them personally liable to the sum of the misappropriation.

*Mr. John V. Ladden,* for the complainant.

*Mr. William K. Flanagan,* for the defendants.

BACKES, V. C.

The complainant sustained injuries while in the employ of the State Garage, Incorporated, for which the workmen's compensation bureau awarded him and he was paid compensation of $12 a week for two hundred weeks, to November 7th, 1923. Forty weeks additional compensation, to August, 1924, was paid by mistake; the employer resting under the belief that the allowance was for two hundred and fifty weeks. In August, 1925, the bureau modified its previous award and extended the period for two hundred additional weeks. The award has been docketed as a judgment in the Essex county common pleas, on which execution was issued to the sheriff and by him returned *nulla bona.* The bill is the ordinary discovery bill, under section 70 of the Chancery act, charging that the company is possessed of secret assets. The directors are made parties to the discovery. The validity of the judgment is not questioned; nor is the propriety of the bill criticised. The defendants' answer, and the proofs

show, that in 1923, while the complainant's primary award was current, and long before it was modified and extended, the company, while insolvent, sold its garage and used the proceeds to pay its creditors. Some of the proceeds were appropriated by Max Krueger, the president and sole stockholder, in part payment of his claim. Krueger paid all the debts except the complainant's.

There are no assets in the company's hands appropriable to the complainant's judgment, they having been consumed in the payment of the company's debts, and the complainant is not entitled to a recovery under the bill as presented. But he is not to be denied some measure of relief against the directors upon a properly framed bill, and will be given leave to amend. Distribution of assets by the directors among some of the creditors, after a company becomes insolvent, is in violation of the statute and renders them personally liable to the sum of the misappropriation. *Keen* v. *Maple Shade Land and Improvement Co., 63 N. J. Eq. 321;* *Turp* v. *Dickinson, 4 N. J. Adv. R. 930.* The procedure is pointed out in *Mallory* v. *Kirkpatrick, 54 N. J. Eq. 50.*

Upon amendment, and the appointment of a receiver, the directors will be charged with the funds unlawfully diverted, and distribution will be ordered ratably among the creditors. Whether the complainant is entitled to preference under section 22 of the Compensation act is reserved, but it would appear to have been decided against his contention in *Steel and Iron Mongers, Inc.,* v. *Bonnite Insulator Co., 90 N. J. Eq. 200.*